*291 The opinion of the court was delivered by
Tilghmaw, C. J.
It was hard on Crawford to lose his debt, and therefore the court was naturally inclined to favour him. I feel the same disposition myself, but ani restrained by the old adage, that from hard cases spring bad precedents: If Jackson had been indebted to Crawford, when he assigned him .the judgment against Lambert, I should agree that the assignment of the judgment would be no satisfaction of the pre-existing debt, unless it was so understood by the parties. But here was no antecedent debt. The arrangement between Crawford, Beatty,, and Jackson was all one transaction, of which the assignment of the judgment against Lambert formed a part.( Jackson was no way implicated in the debt due from Beatty to Crawford.. He assigned his judgment against Lambert, for which he received value by the extinguishment of his own debt to Beatty. And Crawford, if he released Beatty, of which I am not informed, .received value by the assignment ,of Jackson’s judgment against Lambert. For any thing that appears, he was satisfied with this assignment, for better for worse, since he asked no guarantee, or promise of any kind from Jackson. It seems to have been the opinion of the Court of Common Pleas, that previous to the assignment of the judgment, Jackson had put himself in the place of Beatty, and promised the payment of his debt to Crawford. Had this been so, the charge would have been correct. But it is not pretended, that he did this expressly, and I cannot perceive on what ground the law should imply it: It is stated that Jackson refused to make the assignment, until Beatty discharged him. But this he might well do, without taking,upon himself the payment of Beatty’s debt. Crawford procured a discharge-of Jackson’s debt to Beatty, in consideration'whereof, Jackson assigned to him his judgment against Lambert. This assignment was made in writing, and as the writing contained no guarantee, and there is not said to be any evidence of an express promise, I am of opinion that the law raised no duty from Jackson to Crawford.' This case was before us on a writ of error onee'be-fore. I have examined the opinion then given, and it really does . appear to me, that the point now in question was decided in favour of the defendant.* I am of opinion, therefore, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.

 See 12 Serg. & Rule 165.